FILED
MAR 10 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DWAYNE L. DAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 20-0527 (UNA) |
| ) | |
| FRANKLIN COUNTY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The Court construes the petitioner's pleading as a petition for a writ of habeas corpus. "The writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority. 28 U.S.C. § 2241(c). A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240 (1963) (finding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other non-confinement restraints on liberty, such the inability to "come and go as she or he pleases," as when a person is released on bail or on his own recognizance before trial, *see, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351-53 (1973) (holding that petitioner released on own recognizance pending appeal was "in custody" for purpose of habeas).

The petitioner has drafted his pleading in a series of disjointed phrases, and the Court cannot determine whether he meets the "in custody" requirement. Even if he were in custody, the petition does not name a proper respondent to a habeas petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-39 (2004) (discussing immediate custodian rule); *accord Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).

The Court will grant the petitioner's application to proceed *in forma pauperis* and dismiss his petition without prejudice for want of jurisdiction. A separate order accompanies this Memorandum Opinion.

DATE: March 12, 2020

TREVOR N. McFADDEN
United States District Judge